IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 02-00037-01-CR-W-GAF |
| v. | ) | Civil No. |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO CORRECT
SENTENCE UNDER 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, Charles Woods, through counsel, Laine Cardarella, Federal Public Defender, moves the Court to set aside the judgment and commitment previously entered against him in Counts 1 and 2, and resentence him without delay to a sentence of 120 months on each count of Counts 1 and 2, with the sentences ordered to be served concurrently and concurrent with the 60 month sentence imposed on Count 3.

**I. Suggestions In Support Of Motion**

On October 28, 2002, Woods was convicted after a jury trial of being a felon in possession of a firearm (Count 1), a felon in possession of ammunition (Count 2), and the unlawful possession of a firearm with an obliterated serial number[1] (Count 3). Both Counts 1 and 2 were in violation of 18 U.S.C. § 922(g). Count 3 was in violation of 18 U.S.C. § 922(k). On July 23, 2003, the court sentenced Woods to a term of 235 months imprisonment and five years of supervised release on Counts 1 and 2, and 60 months imprisonment followed by three years of supervised release on Count 3. The sentences were ordered to run concurrently. The sentences on Counts 1 and 2 were

---

[1] Both the presentence report and the judgment in the criminal case identify Count 3 as "felon in possession of a firearm from which the serial number was removed, obliterated and/or altered. However, the status as a convicted felon is not an element of the offense in 18 U.S.C. § 922(k).

based on a finding Woods had at least three qualifying prior convictions that supported imposition of a sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Specifically, the Court found that Woods had prior convictions for the offenses of attempted burglary, attempted robbery in the second degree, and burglary in the second degree.

In light of the Supreme Court's recent decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), Woods's prior Missouri conviction for attempted burglary no longer qualifies as a "violent felony" under the residual clause of the ACCA. Thus, Woods does not have the three necessary predicate convictions (either "violent felonies" or "serious drug offenses") to qualify him for sentencing under the ACCA. As a result, Woods's currently imposed sentences of 235 months on each of Counts 1 and 2 are now *per se* illegal sentences, not only in violation of the laws of the United States but also in excess of the 10-year statutory maximum for the federal offense of being a felon in possession of a firearm or ammunition. Allowing these sentences to remain intact violates due process and results in a fundamental miscarriage of justice, especially in light of the fact that today, Mr. Woods could not receive separate sentences on Counts 1 and 2. (*See United States v. Richardson*, 439 F.3d 421, 422 (8th Cir. 2006) overruling prior Circuit precedent and holding that "Congress intended the 'allowable unit of prosecution' to be an incident of possession regardless of whether a defendant satisfied more than one § 922(g) classification, possessed more than one firearm, or possessed a firearm and ammunition.")

On November 5, 2015, Mr. Woods, joined by the government, filed a motion before the Eighth Circuit Court of Appeals for an order authorizing him to file a successive motion under 28 U.S.C. § 2255. In their motion, Mr. Woods and the government argued that *Johnson* constitutes a new substantive rule of constitutional law that should be applied retroactively to defendants

sentenced under the ACCA. On November 20, 2015, the Eighth Circuit granted said motion and authorized the filing of a successive § 2255 motion in the district court.

Woods's successive § 2255 motion is timely under 28 U.S.C. § 2255(f)(3) because it is filed within one year of the Supreme Court's decision in *Johnson*. Further, because *Johnson* represents a new substantive rule of constitutional law that should be applied retroactively to defendants sentenced under ACCA, Woods is entitled to § 2255 relief, i.e., to be resentenced.

Mr. Woods believes the government may suggest that this petition should be denied, as the Court could impose a 235 month sentence by imposing consecutive sentences in Counts 1 and 2. (*See United States v. Olten*, 565 F3d. Appx. 558 (8th Cir. 2014) (unpublished).) Reliance on *Olten* is misplaced. Because it is an unpublished decision which is factually distinguishable from Woods's case, the case has neither precedential nor persuasive value here.

*Olten* is factually distinguishable from Mr. Woods's case. *Olten* was sentenced to a term of 235 months when he was determined to be an armed career criminal. He received a concurrent 120 month sentence for the offense of possession of a stolen firearm. The sentencing court noted it was imposing a sentence at the top of the 188-235 month guideline range because "it viewed the facts as extreme and believed a longer sentence was appropriate due to the threat [Olten] posed to the community." (*Olten* at 561.) *Olten* was originally sentenced in 2010, under a non-mandatory sentencing guideline scheme.

Mr. Woods was sentenced under a mandatory sentencing scheme in 2003. Absent a finding that Mr. Woods's case fell outside the "heartland" of other ACCA cases, the Court was not able to impose a sentence outside the guideline range. The range for Counts One and Two was 235 to 293 months. The Court imposed a sentence at the *bottom* of the applicable guideline range. The Court was free to impose a sentence at the top of the range, but did not do so. This

is in stark contrast to the sentence imposed in *Olten* which was at the top of the applicable guideline range.

In his post conviction motion, *Olten* did not raise a constitutional challenge to his prior conviction being considered a violent felony. Mr. Woods's challenge to his sentence is grounded in the Constitution, as the *Johnson* decision was. The retention of an enhanced sentence in this case, based on a conviction which can only be considered a predicate offense through application of the now-invalid residual clause, is a violation of Mr. Woods's constitutional rights as the residual clause was invalidated because it is unconstitutionally vague and its application violates due process.

*Olten* simply has no precedential value. *Olten* is an unpublished opinion. Eighth Circuit Local Rule 32.1 dictates that unpublished opinions are not to be relied on or cited as precedent.

Since Woods is no longer subject to being sentenced under the ACCA, the statutory maximum sentence that he could receive is 10 years custody on Count 1 (concurrent to or merged with Count 2 in a single conviction), and three years of supervised release. This Court should immediately resentence Woods to a sentence of 10 years (120 months) on Counts 1 and 2, together with a supervised release term of three years, to include all the terms of supervised release previously imposed. Finally, Mr. Woods is prepared to submit to this Court a written waiver of his right to personally appear for resentencing [*see* Fed.R.Crim.P. 43(c)(1)(B), permitting a defendant to waive his right to be present at sentencing in a noncapital case by being "voluntarily absent"] if the Court is inclined to impose a sentence of 120 months and a three year term of supervised release.

## II. Conclusion

Wherefore, because the sentences imposed in both Count One and Count Two are now illegal sentences, Mr. Woods requests that this Court set aside the previous sentence of 235 concurrent months on each count, and resentence him to 120 months on each count, to be served concurrently, together with the previously imposed sentence of 60 months on Count 3, concurrent, and a supervised release term of three years, to include all the terms of supervised release previously imposed.

Respectfully submitted,

/s/ Laine Cardarella
LAINE CARDARELLA
Federal Public Defender
818 Grand, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 471-8282

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion to Correct Sentence Under 28 U.S.C. §2255 was delivered on January 4, 2016 pursuant to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

/s/ Laine Cardarella
LAINE CARDARELLA
Federal Public Defender